UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

AUSTIN EARL                                                                                                  CIVIL ACTION

VERSUS                                                                                                       NO. 06-4343

MARLIN GUSMAN, ET AL.                                                                        SECTION "N" (3)

**ORDER AND REASONS**

Before the Court is the **Motion for Judgment on the Pleadings (Rec. Doc. 12)**. After reviewing the Complaint, the memoranda of the parties, and the applicable law, this Court rules as follows.

**I.     BACKGROUND**

Plaintiff Austin Earl ("Earl") sued Marlin Gusman ("Sheriff Gusman") in his capacity as Criminal Sheriff of Orleans Parish, and Richard Stalder ("Secretary Stalder") in his capacity as Secretary for the Department of Public Safety and Corrections for the State of Louisiana. (Complaint). Earl's lawsuit arises out of his incarceration in Orleans Parish Prison and later at other state facilities following Hurricane Katrina beyond the term to which he had originally been sentenced. Secretary Stalder has filed the instant motion arguing that the claims asserted against him by Earl for wrongful imprisonment should be dismissed as a matter of law on the pleadings. These claims include: (1) Earl's section 1983 claims against him in his official capacity, and (2) Earl's state law claims relating to false imprisonment.

**II.    THE ARGUMENTS OF THE PARTIES**

Secretary Stalder first notes that he is sued only in his "official capacity" as the Complaint indicates that he is sued in his capacity as the Secretary of Department of Public Safety and Corrections for the State of Louisiana. Earl's Complaint specifically states:

1

> On or about August 31, 2005, plaintiff was finally evacuated from Orleans Parish Prison. Instead of being released, since his sentence had run, plaintiff instead was transported to a State prison facility in De Quincy, Louisiana where he remained for approximately two (2) weeks. Plaintiff was later then transferred to the Hunt and Dixon State Prison Facilities. Plaintiff was finally released from custody approximately ninety (90) days after his ten (10) day sentence for public drunkenness had run. He was therefore wrongfully incarcerated by defendants Marlin Gusman and Richard L. Stalder for a period of over ninety (90) days.

(Complaint, ¶ VII).

As for Earl's section 1983 claims against the movant, Secretary Stalder asserts that those claims should be dismissed because they may be asserted only against "persons" as the statute and case law define that term. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Secretary Stalder argues that the State, its agencies, and its officers in their official capacities are not considered "persons" for purposes of 42 U.S.C. §1983. *Id.*

In opposition, Earl does not dispute Secretary Stalder's assertion that he is sued only in his official capacity. Instead, Earl claims that Secretary Stalder can be sued in his official capacity under section 1983. Earl cites a passage from *Hafer v. Melo*, 502 U.S. 21, 112 S. Ct. 358, 116 L.Ed.2d 301 (1991) in support of that assertion. In his reply, Secretary Stalder correctly notes that the passage cited by Earl from the *Hafer* case relates to claims against a defendant in his individual capacity, and therefore, does not pertain to the issue before the Court.

Secretary Stalder also claims he is entitled to immunity from liability for Earl's state claims against him. The Louisiana Legislature enacted the Homeland Security and Emergency Assistance and Disaster Act (the Act), La. R.S. § 29:721, *et. seq.*, "[b]ecause of the existing possibility of the occurrence of emergencies and disasters of unprecedented size and

destructiveness … from fire, flood, earthquake, or other natural or man-made causes, and in order to ensure that preparations of this state will be adequate to deal with such emergencies or disasters." La. R.S. § 29:722(A).  Secretary Stalder notes that "disaster" includes both hurricanes and flooding.   La. R.S. § 29:723(1).  Thus, Secretary Stalder argues that Hurricane Katrina and the subsequent flooding are clearly considered "disasters" under the Act. The provisions of this act relate to response, recovery, and immunity take effect when the governor declares a state of emergency.  La. R.S. § 29:724.   Secretary Stalder notes that a state of emergency was so declared on August 26, 2005, via gubernatorial proclamation No. 48 KBB 2005.

The Act provides immunity from liability to the states, political subdivisions, government agencies, and government officials engaged in emergency preparedness activities pursuant to the Act. "Emergency preparedness" means the mitigation of, preparation for, response to, and the recovery from emergencies or disasters.   La R.S. § 29:723 (3). Secretary Stalder asserts that the claims against him arose out of and related to actions taken before, during and after Hurricane Katrina by the Department of Public Safety and Corrections.  Thus, Secretary Stalder argues he is immune from liability for all of Earl's claims under state law. La R.S. § 29:735(A) provides:

> Neither the state nor any political subdivision thereof, nor other agencies, nor, except in case of willful misconduct, the agents' employees, or representatives of any of them, engaged in any homeland security and emergency preparedness activities, while complying with or attempting to comply with this Chapter or any rule or regulation promulgated pursuant to the provisions of this Chapter shall be liable for the death of or any injury to persons, or damage to property, as a result of such activity.

Thus, Secretary Stalder asserts that because Earl's wrongful imprisonment claims arose because her Hurricane Katrina, the above law shields from immunity, except in cases of willful misconduct.

Last, Secretary Stalder claims that Earl failed to allege "facts" supporting a willful misconduct claim. Instead, Secretary Stalder contends that Earl simply made the conclusory allegation that his alleged misconduct was willful without providing supporting allegations. Thus, Secretary Stalder asserts that Earl's state law claims should be dismissed as well.

In opposition, Earl claims that La. R.S. § 29:735 (A)(1) is not applicable to this case. Instead, Earl asserts that La. R.S. 29:735 (A)(2) pertains and provides:

> Additionally, no prisoner in the custody of the sheriff or law enforcement agency who was evacuated to another prison or jail during and immediately after Hurricane Katrina or Rita, and who was not released within the time required by the Code of Criminal Procedure or Title 15 of the Louisiana Revised Statutes of 1950, shall have a cause of action for damages against the sheriff or law enforcement agency for the failure to timely release the prisoner, if the failure was due to the effects of Hurricane Katrina or Rita and the lack of access to prison records and information specifying when the prisoner is to be released; however, the sheriff or law enforcement agency shall be liable for damages if within a reasonable length of time following Hurricane Katrina or Rita, the sheriff or law enforcement agency makes no attempt to ascertain when the prisoner is to be released and fails to release the prisoner from custody.

Earl notes that the provisions of La. R.S. § 29:735 (A)(2) are inconsistent with a "willful misconduct" concept because La. R.S. § 735(A)(2) relies on whether the State lacked access to information on when the prisoner was to be released. Thus, Earl claims La. R.S. § 735(A)(2) imposes liability, irrespective of any "willful misconduct," if the State failed to make a reasonable attempt to determine when a prisoner was to have been released. Earl asserts that in order to determine if the requirements of La. R.S. § 735(A)(2) are met, one must go outside the pleadings. Thus, Earl claims the Motion for Judgment on the Pleadings should be denied.

In reply, Secretary Stalder notes that La. R.S. 735(A)(2) was enacted on December 6, 2005. after the Plaintiff was released from custody. Secretary Stalder argues that La. R.S. §

4

735(A)(2) is a substantive enactment that cannot be applied retroactively.  Thus, Secretary Stalder asserts that the appropriate statute to apply in this situation is La. R.S. § 29:735(A)(1), which requires factual allegations of willful misconduct, and which was in effect at the time Earl was incarcerated.

**III.    LAW AND ANALYSIS**

    **A.    Legal Standard**

The standard for dismissal for a Rule 12(c) motion for judgment on the pleadings is the same as that for dismissal for failure to state a claim under Rule 12(b)(6). *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir.2004). In a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must accept "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir.2004). To survive a Rule 12(b)(6) motion to dismiss, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir.2007)( *quoting Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all of the allegations in the complaint are true (even if doubtful in fact) ." *Twombly*, 127 S.Ct. at 1965. Rule 12(b)(6) motions are viewed with disfavored and are rarely granted. *Tanglewood E. Homeowners v. Charles-Thomas, Inc.*, 849 F.2d 1568, 1572 (5th Cir.1988).

    **B.    Analysis**

As Secretary Stalder contends, the section 1983 claims against him should be dismissed with prejudice pursuant to the holding in the *Will* case because Earl sued him only in an official

capacity for monetary relief.  Notably, Earl did not dispute the assertion that he sued Stalder only in his official capacity.  Instead, Earl argues that Secretary Stalder's motion should be denied because the Supreme Court overruled *Will* in *Hafer*.  Earl is mistaken; the *Will* case has not been overruled.  *Hafer* limited the holding of *Will*, as it relates to claims against a defendant in his/her individual capacity.  However, Earl has not made claims against Secretary Stalder in his individual capacity.  Thus, in accordance with *Will*, wherein the Supreme Court held that neither a State nor its officials acting in their official capacities are "persons" under § 1983, this Court concludes that Earl's section 1983 claims against Secretary Stalder in his official capacity should be dismissed.

As for Earl's state law claims against Secretary Stalder, the Court exercises its discretion and declines to exercise its supplemental jurisdiction over those claims and, thus, dismisses them without prejudice.  Thus, the Court does not reach the argument regarding the application of La. R.S. 735(A)(2).

**IV.    CONCLUSION**

**IT IS ORDERED** that Plaintiff's **Motion for Judgment on the Pleadings (Rec. Doc. No 12)**. should be and hereby is **GRANTED IN PART AND DENIED IN PART**.  Plaintiff's federal section 1983 are dismissed for the reasons stated herein.  The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims against Secretary Stalder.

New Orleans, Louisiana, this 7th day of February, 2008.

**KURT D. ENGELHARDT**
**United States District Judge**